# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re:

The Antioch Company, et al.,[1]

Debtors.

Chapter 11 Case No. 13-41898

(Jointly Administered)

## APPLICATION TO REDUCE TIME BETWEEN OBJECTION DEADLINE FOR DISCLOSURE STATEMENT AND HEARING

TO: The Court, the Office of the United States Trustee and Other Parties on the attached service list.

1. The above-captioned debtors and debtors in possession (collectively, the "Debtors") make this application to request an order reducing the time between the filing of objections to a disclosure statement and the hearing.

2. The Court has jurisdiction over this application pursuant to 28 U.S.C. §§ 157 and 1334, Rule 5005 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rules 1070-1 and 1073-1. This is a core proceeding pursuant to 28 U.S.C. § 157(b). This application is filed pursuant to Local Rule 9013-4(c).

3. This application arises under Local Rule 9029-1(b). The Debtors seek a reduction of the time required under Local Rule 3017-1(c) between the filing of objections to a disclosure statement and the hearing. As explained below, this shortening of time does not reduce the time parties in interest would have to file objections to a disclosure statement.

---

[1] Jointly administered estates of the following Debtors: The Antioch Company, LLC Case No. BKY 13-41898; Antioch International, LLC Case No. BKY 13-13-41899; Antioch International—Canada, LLC Case No. BKY 13-41900; Antioch International—New Zealand, LLC Case No. BKY 13-41901; Creative Memories Puerto Rico, LLC Case No. BKY 13-41902; Antioch Framers Supply, LLC Case No. BKY 13-41903; and zeBlooms, LLC Case No. BKY 13-41904.

## BACKGROUND

4. The petitions commencing the Debtors' chapter 11 cases were filed on April 16, 2013. The cases are currently pending in this Court and being jointly administered for procedural purposes pursuant to an order entered on April 19, 2013, Docket No. 45.

5. On April 24, 2013, the Office of the United States Trustee appointed the Official Committee of Unsecured Creditors (the "Committee"). No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

6. Contemporaneously with this motion, the Debtors and the Committee as co-proponents are filing a Plan of Reorganization of The Antioch Company, LLC and Its Affiliated Debtors ("Plan") and Disclosure Statement with Respect to Plan of Reorganization of The Antioch Company, LLC and Its Affiliated Debtors ("Disclosure Statement"). As filed, the Plan contemplates two alternative exits from these chapter 11 cases: (i) a stand-alone reorganization with a creditor trust receiving cash plus the equity of the reorganized company; or (ii) a sponsored reorganization with the creditor trust receiving cash plus the consideration paid by the sponsor for the reorganized company.

7. In either case, it is important for the reorganized entity to commence operations as quickly as possible. The slowest time in the Debtors' business is generally between Thanksgiving and the beginning of the New Year, and the Debtors have already concluded their "Last Chance Order" sale of certain products that will not be part of the go-forward business. To minimize the slow periods for consultants and get them engaged and excited about the new business rather than looking for other opportunities, it is critical to launch the new business in early November. Thus the Debtors believe that the maximum potential value of their assets will be obtained by confirming the Plan as quickly as possible.

8.  The parties in interest who have appeared in this case will be benefited by rapid Plan confirmation.  There are no secured lenders in the Debtors chapter 11 cases, so the creditors with economic stakes in the case are unsecured creditors, including contract and lease counterparties.  The unsecured creditors – the Committee's constituents – will receive the value generated by the estate.  These creditors will receive a higher recovery if costs of administration are limited by a faster plan confirmation and the ability to maximize value of the reorganized company.

9.  To obtain these benefits, the Debtors and Committee are targeting a Plan confirmation hearing during the week of November 4, 2013.  The Debtors have obtained from the Court's calendar clerk a tentative date for the hearing to approve the Disclosure Statement on October 1, 2013.  To provide sufficient time for service and objection to the Disclosure Statement, the Debtors request a minimal shortening of the period between the deadline to file objections to the Disclosure Statement and the hearing to approve the Disclosure Statement.

**RELIEF REQUESTED**

10.  The Debtors respectfully request that the Court shorten the period between the deadline for objecting to the Disclosure Statement and the time of the hearing under Local Rule 3017-1(c).  There are two rules that govern timing with respect to the Disclosure Statement.  Fed. R. Bankr. P. 2002(b) provides in pertinent part that "the debtor, the trustee, all creditors and indenture trustees [be given] not less than 28 days notice by mail of the time fixed for…filing objections and the hearing to consider approval of a disclosure statement."

11.  Local Rule 3017-1(c) provides that Local Rule 3020-1 applies to objections to proposed disclosure statements.  Local Rule 3020-1(c) provides that an "objection shall be delivered not later than seven days or mailed later than ten days before the hearing."

12. The Debtors request that the Court shorten the requirements of Local Rule 3017(c) to five days for delivery and 8 days for mailing of objections. Local Rule 9029-1(b) provides that "[i]n the interest of expediting a decision or for other good cause, the court may suspend the requirements or provisions of any local rule and may order proceedings in accordance with its direction." In this case, cause exists to suspend Local Rule 3017's requirements and substitute them for shorter periods.

13. The Debtors propose to serve the Plan and Disclosure Statement on the service list on August 29, 2013. That same date, the Debtors propose to serve on the entire mailing matrix the Court's Order and Notice for Hearing on Disclosure Statement. The Debtors further propose that the Court enter an order in the form attached as <u>Exhibit A</u> to direct the service and set the deadlines to serve by mail and deliver objections as requested in the application.

14. Parties in interest that elect to file objections will not be prejudiced by this relief because they will still have the full 28 days' notice required under Fed. R. Bankr. P. 2002(b)(1). The burden of a shorter time falls on the Court, who will have less time to review any objections, and the Debtors and Committee who will have less time to respond. The Debtors submit for their part that five days is adequate time to prepare responses.

15. Most importantly, shortening the period by two days will provide the Debtors and Committee with the additional days they need to prepare and disseminate a Plan solicitation packet and meet their goal for Plan confirmation in early-November. Assuming that the Disclosure Statement is approved, the Debtors will have one to three days to prepare and serve a Plan and still be able to meet the service and objection requirements set forth in Fed R. Bankr. P. 2002(b)(2) and Local Rule 3020-1 for a Plan confirmation hearing during the week of

November 4th. This timing will give the reorganized company, or the buyer of the reorganized company, the ability to launch the new business timely and maximize consultant retention.

16.   Pursuant to Local Rule 9013-2(a), this application is verified and is accompanied by a memorandum of law, proposed order and proof of service.

WHEREFORE, the Debtors respectfully request that the Court enter an order:

(a)   Reducing the time between the deadline for filing objections to the Disclosure Statement and the hearing on approval of the Disclosure Statement;

(b)   Conditioning that reduction on the Debtor's service of the Plan, Disclosure Statement, and Order and Notice of Hearing on Disclosure Statement; and

(c)   Granting such other and further relief as the Court deems just and equitable.

Dated: August 28, 2013                    FREDRIKSON & BYRON, P.A.

/e/ Douglas W. Kassebaum
Clinton E. Cutler (#158094)
Douglas W. Kassebaum (#386802)
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402
Phone (612) 492-7000
Fax (612) 492-7077
ccutler@fredlaw.com
dkassebaum@fredlaw.com

CO-COUNSEL TO DEBTORS
AND DEBTORS IN POSSESSION

– and –

McDONALD HOPKINS LLC
Sean D. Malloy (OH 0073157)
Michael J. Kaczka (OH 0076548)
Manju Gupta (OH 0076452)
600 Superior Avenue, East, Suite 2100
Cleveland, OH 44114-2653
Phone (216) 348-5400
Fax (216) 348-5474
smalloy@mcdonaldhopkins.com
mkaczka@mcdonaldhopkins.com
mgupta@mcdonaldhopkins.com

CO-COUNSEL FOR DEBTORS AND
DEBTORS IN POSSESSION

7268179_2

## **VERIFICATION**

I, Kevin Willis, the Chief Restructuring Officer of the Debtors, declare under penalty of perjury that the facts set forth in the preceding application are true and correct, according to the best of my knowledge, information and belief.

Dated: August 28, 2013           Signed: _____
                                         Kevin Willis

{4473618:2}

# **<u>EXHIBIT A</u>**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:

The Antioch Company, et al.,[1]

Debtors.

Chapter 11 Case No. 13-41898

(Jointly Administered)

**ORDER AND NOTICE FOR HEARING ON DISCLOSURE STATEMENT**

A proposed disclosure statement dated August 28, 2013, regarding a plan dated August 28, 2013, was filed by the debtors and the official committee of unsecured creditors on August 28, 2013. The court must approve a disclosure statement as containing adequate information under 11 U.S.C. §1125 before a plan and disclosure statement may be mailed to creditors.

**IT IS THEREFORE ORDERED:**

1. <u>HEARING ON ADEQUACY OF DISCLOSURE STATEMENT</u>. A hearing to consider approval of a disclosure statement will be held on **October 1, 2013 at __:__ _.m.** in Courtroom 2C, United States Courthouse, 316 North Robert Street, St. Paul, Minnesota.

2. <u>OBJECTIONS TO DISCLOSURE STATEMENT</u>. An objection to the proposed disclosure statement shall be made by motion under Local Rule 3017-1(c), except that the time for service and filing is amended as follows: five days prior to the hearing is the last day to timely deliver an objection, and eight days prior to the hearing is the last day to timely mail an objection. The objection must be filed not later than one day after service.

3. <u>MAILING OF NOTICE</u>. On or before August 29, 2013, the debtors shall mail copies of this order as notice of the hearing to the entities specified in Local Rule 9013-3 and to all creditors, all other parties in interest, and all equity security holders of the debtors.

4. <u>MAILING OF COPIES</u>. Pursuant to Local Rule 3017-1(a) and on or before August 29, 2013, the debtors shall transmit copies of the proposed disclosure statement and plan to each entity specified in Local Rule 9013-3, and upon written request shall transmit copies to any other party in interest.

5. <u>REQUEST FOR COPIES</u>. Requests for copies of the disclosure statement and plan should be directed to: Fredrikson & Byron, P.A., attn. Douglas W. Kassebaum, 200 South Sixth Street, Suite 4000, Minneapolis, MN 55402 (dkassebaum@fredlaw.com).

6. Fed. R. Civ. P. 26(a)(1), (a)(2), (a)(3) and (f) do not apply in this proceeding.

Dated:

United States Bankruptcy Judge

---

[1] Jointly administered estates of the following Debtors: The Antioch Company, LLC Case No. BKY 13-41898; Antioch International, LLC Case No. BKY 13-13-41899; Antioch International—Canada, LLC Case No. BKY 13-41900; Antioch International—New Zealand, LLC Case No. BKY 13-41901; Creative Memories Puerto Rico, LLC Case No. BKY 13-41902; Antioch Framers Supply, LLC Case No. BKY 13-41903; and zeBlooms, LLC Case No. BKY 13-41904.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:

The Antioch Company, et al.,[1]

Debtors.

Chapter 11 Case No. 13-41898

(Jointly Administered)

**MEMORANDUM OF LAW IN SUPPORT OF APPLICATION
TO REDUCE TIME BETWEEN OBJECTION DEADLINE
FOR DISCLOSURE STATEMENT AND HEARING**

**INTRODUCTION**

The Debtors request an order reducing the time between the filing of objections to a disclosure statement and the hearing.

**BACKGROUND**

The facts in support of this memorandum are set forth in the verified application.

**LEGAL ANALYSIS**

The Debtors respectfully request that the Court shorten the period between the deadline for objecting to the Disclosure Statement and the time of the hearing under Local Rule 3017-1(c). The legal bases and arguments supporting this relief are set forth in paragraphs 10 to 14 of the application.

---

[1] Jointly administered estates of the following Debtors: The Antioch Company, LLC Case No. BKY 13-41898; Antioch International, LLC Case No. BKY 13-13-41899; Antioch International—Canada, LLC Case No. BKY 13-41900; Antioch International—New Zealand, LLC Case No. BKY 13-41901; Creative Memories Puerto Rico, LLC Case No. BKY 13-41902; Antioch Framers Supply, LLC Case No. BKY 13-41903; and zeBlooms, LLC Case No. BKY 13-41904.

Dated: August 28, 2013            FREDRIKSON & BYRON, P.A.

*/e/ Douglas W. Kassebaum*
Clinton E. Cutler (#158094)
Douglas W. Kassebaum (#386802)
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402
Phone (612) 492-7000
Fax (612) 492-7077
ccutler@fredlaw.com
dkassebaum@fredlaw.com

CO-COUNSEL TO DEBTORS
AND DEBTORS IN POSSESSION

– and –

McDONALD HOPKINS LLC
Sean D. Malloy (OH 0073157)
Michael J. Kaczka (OH 0076548)
Manju Gupta (OH 0076452)
600 Superior Avenue, East, Suite 2100
Cleveland, OH 44114-2653
Phone (216) 348-5400
Fax (216) 348-5474
smalloy@mcdonaldhopkins.com
mkaczka@mcdonaldhopkins.com
mgupta@mcdonaldhopkins.com

CO-COUNSEL FOR DEBTORS AND
DEBTORS IN POSSESSION

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:

The Antioch Company, LLC, et al.,[1]  Case No. 13-41898

                Debtors.  Chapter 11 Case

## CERTIFICATE OF SERVICE

      Douglas W. Kassebaum, under penalty of perjury, states that on August 28, 2013, he caused to be served the:

> Application to Reduce Time between Objection Deadline for Disclosure Statement and Hearing

by sending true and correct copies via ECF to the parties receiving electronic notices in this case, including the following parties:

| Unsecured Creditors Committee | U.S. Trustee |
|---|---|
| c/o Michael B. Fisco | Michael Fadlovich |
| 2200 Wells Fargo Center | 1015 US Courthouse |
| 90 South Seventh St. | 300 South Fourth Street |
| Minneapolis, MN 55402-3901 | Minneapolis, MN 55415 |
| michael.fisco@faegrebd.com | Michael.Fadlovich@usdoj.gov |

Dated: August 28, 2013                  */e/ Douglas W. Kassebaum*
                                                           Douglas W. Kassebaum

---

[1] Jointly administered estates of the following Debtors: The Antioch Company, LLC Case No. BKY 13-41898, Antioch International, LLC Case No. BKY 13-41899, Antioch International—Canada, LLC Case No. BKY 13-41900, Antioch International—New Zealand, LLC Case No. BKY 13-41901, Creative Memories Puerto Rico, LLC Case No. BKY 13-41902, Antioch Framers Supply, LLC Case No. BKY 13-41903, and zeBlooms, LLC Case No. BKY 13-41904.

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re:

The Antioch Company, et al.,[1]

Debtors

Chapter 11 Case No. 13-41898

(Jointly Administered)

## ORDER REDUCING TIME BETWEEN OBJECTION DEADLINE FOR DISCLOSURE STATEMENT AND HEARING

These cases came before the court on the debtors' Application to Reduce Time between Objection Deadline for Disclosure Statement and Hearing. Based on the application and all the files, records and proceedings in this case and because, pursuant to Local Rule 9029-1(b), cause exists to reduce the time required under Local Rule 3017-1(c) for filing and serving objections to the disclosure statement;

**IT IS ORDERED**:

1. Subject to the deadlines set forth in paragraphs 2 and 3 of this order, objections to the disclosure statement shall be delivered not later than five days or mailed not later than eight days before the hearing date to approve the disclosure statement.

2. On or before August 29, 2013, the debtors shall serve the Order and Notice of Hearing on Disclosure Statement to the entities specified in Local Rule 9013-3 and to all creditors, all other parties in interest, and all equity security holders of the debtors.

---

[1] Jointly administered estates of the following Debtors: The Antioch Company, LLC Case No. BKY 13-41898; Antioch International, LLC Case No. BKY 13-13-41899; Antioch International—Canada, LLC Case No. BKY 13-41900; Antioch International—New Zealand, LLC Case No. BKY 13-41901; Creative Memories Puerto Rico, LLC Case No. BKY 13-41902; Antioch Framers Supply, LLC Case No. BKY 13-41903; and zeBlooms, LLC Case No. BKY 13-41904.

2

     3.     On or before August 29, 2013, and pursuant to Local Rule 3017-1(a), the debtors shall transmit copies of the proposed disclosure statement and plan to each entity specified in Local Rule 9013-3.


Dated:                                                                                 
Katherine A. Constantine
United States Bankruptcy Judge